UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 24-293 (PJS/DTS)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) **GOVERNMENT'S MOTION** |
| (11) JAHON LYNCH, | ) **FOR DETENTION** ) |
| Defendant. | ) ) ) ) |

Defendant Jahon Lynch is one of 14 members and associates of the Minneapolis-based street gang known as the "Lows" charged with conspiring to violate the Racketeer Influenced and Corrupt Organizations statutes. Mr. Lynch is also charged with the following: (1) carjacking; (2) possessing a firearm during and in relation to a crime of violence (i.e., carjacking); and (3) using, carrying, or possessing a firearm in furtherance of a crime of violence resulting in death stemming for his participation in the shooting death of a suspected rival gang member on November 6, 2023. Moreover, he is currently serving a 188-month sentence with the Minnesota Department of Corrections for a separate state conviction related to the November 2023 homicide. Accordingly, there are no conditions of release for Mr. Lynch that can reasonably assure the safety of the community or Mr. Lynch's appearance at future court proceedings. Because neither his continued appearance nor community safety can be assured, he should be ordered detained pending trial.

1

**FACTS**

A.  **The Lows**

The Lows are a violent street gang in north Minneapolis that has existed since approximately 2004.  Comprised of different subsets, the Lows claim as their territory the section of north Minneapolis below Broadway Avenue.  From that territory, the Lows engage in myriad criminal conduct—principally, trafficking narcotics and firearms and engaging in brutal violence, including shootings and murder.  Ongoing threats and intimidation have accompanied this course of criminal activity, impacting not only their competitors but also the public at large.

The gang's violence is primarily directed at rival gang members and others they perceive as threats to their safety, security, and supremacy in north Minneapolis.  Lows members and associates seek out, intimidate, and, at times, gun down rival gang members.  They also retaliate with deadly force to any attacks on members or allies of the gang.  And, once they have achieved their deadly aims, the Lows mock and disrespect deceased rival gang members in social media posts and rap videos posted online.  The Lows have used intimidation and violence—in particular, gun violence—to burnish their reputation, threaten their rivals, and bolster the other illicit activities that feed and fuel the organization. Specifically, the superseding indictment alleges Lows members and associates committed ten murders in eight different shootings as part of the gang's pattern of racketeering activity between 2021 and 2024:

1. On May 6, 2021, Albert Lucas V confronted a victim at a gas station in Minneapolis while the victim was pumping gas, where he shot and

killed the victim.

2. On September 9, 2021, Kaprice Richards and Mr. Armstrong stood on a sidewalk and fired at least 26 rounds through the window of a crowded Minneapolis barbershop. The barrage of bullets killed one victim and injured another victim who was inside with a young child.



3. On May 14, 2022, Glenn Carter III shot and killed two victims near a food truck in Minneapolis.

4. On May 19, 2022, Lows members and associates murdered two victims in a drive by shooting in Minneapolis. Lows members and associates had been taunting and threatening one of the victims a few days prior to the murder. On the day of the murders, Lows members and associates located the victim's vehicle and pulled alongside the vehicle when it was stopped at a traffic light. Lows members and associates then fired multiple shots from their vehicle at the victim's vehicle, killing both the driver and passenger.

5. On April 27, 2023, in Minneapolis, Shannon Jackson and Kaprice Richards, along with other Lows members and associates, shot into a group of people, killing one victim.

6. As discussed further below, on November 6, 2023, Jahon Lynch, using a vehicle he carjacked about a week before, drove Albert Lucas V, Davant Moore, and other Lows members and associates to an area in North Minneapolis, where they shot into a group of people, killing one

victim.

7. On December 3, 2023, Damari Douglas, Davant Moore, and others Lows members and associates attended a party in Minneapolis. After leaving the party, the group was walking down a street when they began firing at a passing vehicle. Law enforcement recovered discharged cartridge casings from multiple firearms. One of the shots struck the victim, who was standing on the sidewalk, in the back of the head, killing the victim.

8. On February 27, 2024, Albert Lucas V, Victor Collins, and other Lows members and associates drove to the area of the Minneapolis Market, and shot into a group of people, injuring several victims and killing one victim.

Additionally, the superseding indictment alleges other gang-related shootings that did not result in anyone's death but posed just as much danger to the members of the community.

**B.    Mr. Lynch's Membership in the Lows**

Mr. Lynch is a member of the Lows. Mr. Lynch's Lows membership is affirmed through, among other things, his association with other Lows members and his own pronouncements. For example, on or about October 28, 2023, Mr. Lynch published a video on his public Facebook account in which he can be seen displaying a Lows gang hand sign:

4



In the above image, Mr. Lynch can be seen using his fingers to form a "Y," which he has pointed downward toward the ground. This is known as "dropping the Y"—that is, displaying a rival gang sign upside down as a way to signal disrespect for and taunting the rival gang.

C.   **Mr. Lynch's Alleged Criminal Conduct**

The Indictment alleges that the defendants, acting on behalf of and for the benefit of the Lows, trafficked fentanyl and firearms, and shot and killed rival gang members as well as innocent bystanders. Mr. Lynch is charged in four separate

5

counts: Count 1 (RICO conspiracy); Count 21 (using, carrying, or possessing a firearm in furtherance of a crime of violence resulting in death); Count 22 (possessing a firearm in furtherance of a crime of violence); and Count 23 (carjacking).

On October 29, 2023, Mr. Lynch carjacked a victim in St. Paul. Mr. Lynch approached the victim, held the victim at gunpoint, took the victim's car keys, and then drove off in the victim's car. Phone geolocation data placed Mr. Lynch at the scene of the carjacking, and in the days that followed, Mr. Lynch was captured on several surveillance cameras driving the stolen car. For example, on October 31, 2023—just two days after the carjacking—surveillance cameras outside a gas station in Minneapolis captured Mr. Lynch exiting the driver's seat of the stolen car:



Surveillance footage from inside the gas station shows Mr. Lynch pulling out his cellphone and recording a video of him displaying a firearm. Law enforcement later searched Mr. Lynch's cellphone and recovered the video, which includes the below image of Mr. Lynch:

6



One week later—on November 6, 2023—Mr. Lynch recorded a video of himself driving the stolen car with the same firearm depicted above resting on his lap:



Mr. Lynch then picked up several Lows members, including co-defendants Albert Lucas V and Davant Moore. The group drove to an area in north Minneapolis, where they shot into a group of suspected gang rivals and killed one victim. Surveillance video shows the men arrived and fled from the shooting in the stolen vehicle.

Later that day, law enforcement located the stolen car and attempted a stop. The car fled the scene, but officers were able to track the vehicle and detain the driver: Mr. Lynch.

Mr. Lynch was charged in Hennepin County for his role in the November 6, 2023, homicide. He pled guilty to aiding and abetting second-degree murder and two counts of attempted murder.

## LEGAL STANDARD

A court shall detain a defendant pending trial upon finding that no condition or combination of conditions will reasonably assure the defendant's appearance or the safety of any other person or the community. 18 U.S.C. § 3142(e)(1). When there is probable cause to believe that a defendant committed a controlled substances offense that carries a maximum term of imprisonment of ten years or more, detention is presumed. 18 U.S.C. § 3142(e)(3)(A).

The defendant bears the burden of production to rebut that presumption. 18 U.S.C. § 3142(e)(3); *see also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). If the defendant meets that burden, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id.*

In other words, if the defendant rebuts the presumption, that does not mean he shall be released. Instead, the court must consider several factors in determining whether a defendant will be detained. 18 U.S.C. § 3142(g). Those factors are:

(1) the nature and circumstances of the offense charged, including whether the offense involves a controlled substance;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, which includes, *inter alia*, criminal history, record concerning appearance at court proceedings, and whether the defendant was on probation at the time of the offense or arrest; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g)(1-4).

If clear and convincing evidence shows that release will result in a danger to the community, or if a preponderance of the evidence shows that release will result in a serious risk of flight, then detention shall be ordered. *See Abad*, 350 F.3d at 797; *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

## ARGUMENT

The Pretrial Services Office recommends that the Court order Mr. Lynch detained pending trial. The government agrees. There is a presumption of detention in this instance, and Mr. Lynch's history involving firearms offenses as a member of the Lows gang—including firearms possession and murder—establishes by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community.

A. **Mr. Lynch's dangerous and violent criminal conduct confirms that he poses a risk of danger to the community.**

The factors the Court must consider in assessing whether to detain Mr. Lynch pending trial overwhelmingly support detention. First, the nature and circumstances of the offenses charged are gravely serious. As a long-standing member of the Lows, Mr. Lynch has been charged with conspiring to violate the RICO statutes. Per the Indictment, Mr. Lynch and his co-defendants—acting on behalf of and in furtherance of the Lows gang—perpetrated eight separate fatal shootings that killed ten different victims between 2021 and 2024. For his part, Mr. Lynch is charged for his role in the November 2023 murder of a rival gang member. Given the risks to community safety that Mr. Lynch's involvement in gang and gun violence presents, his criminal conduct demands detention.

Second, the weight of the evidence against Mr. Lynch is strong. The Lows are an established street gang in north Minneapolis that has conducted its affairs and terrorized the community—recruiting young men to traffic narcotics, traffic firearms, and intimidate and kill rival gang members and others who pose a threat to the gang—for over two decades.

Mr. Lynch's membership in the gang is well established. His social media activity depicts his associations with Lows members and public affirmations of his proud membership in the Lows gang.

The evidence of Mr. Lynch's criminal conduct is overwhelming. There is substantial evidence supporting his involvement in the November 2023 murder, including but not limited to witness testimony, extensive video evidence, and

cellphone data, among other forms of evidence.  Moreover, earlier this year, Mr. Lynch pleaded guilty to state murder charges stemming from this conduct.

Given Mr. Lynch's continued gang membership, and the seriousness and strength of the instant charges against him, the risk of danger he poses to the community is high.  The evidence is clear and convincing:  no condition or combination of conditions for Mr. Lynch's release can reasonably assure the safety of the community.  On that basis, Mr. Lynch should be detained pretrial.

**B.   Mr. Lynch's prospective sentence establishes a clear risk of nonappearance.**

The government calculates Mr. Lynch's prospective guidelines sentence as 324 to 405 months in prison in the instant case.  With that looming eventuality, Mr. Lynch is unlikely to willingly make future court appearances during the pendency of this case.

## CONCLUSION

Mr. Lynch stands charged for, among other things, his role in a gang-related murder.  Accordingly, the government respectfully requests that the Court order Mr. Lynch detained pending trial.

Dated: August 26, 2025

Respectfully Submitted,
JOSEPH H. THOMPSON
Acting United States Attorney

BY: <u>/s/ Garrett S. Fields</u>
GARRETT S. FIELDS
DAVID M. CLASSEN
Assistant U.S. Attorneys

JARED C. ENGELKING
DOJ Trial Attorney